No. 15,266.

## BRANCH v. FOUST ET AL.

SHERIFF'S SALE.—*Ejectment.*—*Attacking Validity of Sale.*—*Attack by Cross-Complaint is not a Collateral Attack.*—Objections to a sheriff's sale may be made in an action to recover possession of land thereunder; and an attack upon the validity of such sale by way of cross-complaint is a direct and not a collateral attack.

SAME.—*Purchaser.*—*Notice to of Irregularities.*—A purchaser who is a party to the judgment is chargeable with notice of all irregularities in the sale.

SAME.—*Inadequacy of Price.*—Mere inadequacy of price alone is not sufficient to justify setting aside a sale of land, unless the difference between the value of the land and the price paid is so great as to shock the sense of justice and right.

SAME.—If, coupled with great inadequacy of price, there are circumstances showing fraud, irregularity or great unfairness, a court of equity will not hesitate to set a sale aside, especially where a direct attack is made upon it.

From the Madison Circuit Court.

*R. Lake, M. S. Robinson, J. W. Lovett* and *S. M. Keltner,* for appellant.

*C. L. Henry* and *H. C. Ryan,* for appellees.

McBRIDE, J.—This was a suit by the appellant to recover the possession of certain land in Madison county.

The complaint was in two paragraphs. The first was in the ordinary form for the recovery of real property. The second was based upon a title derived through a sheriff's sale, and recited the recovery of a judgment by the appellant and another against the appellees, with all the necessary intervening steps up to and including the execution of a deed to the appellant by the sheriff.

The appellees answered by a general denial. Louisa Foust also filed a cross-complaint, which, in substance, alleges that she is, and for more than ten years has been, the owner in fee simple of the land in controversy ; that on the 18th day of November, 1878, the appellant and one Charles E. Diven recovered a judgment before a justice of the peace against the appellee and her co-defendant for $91.25 and costs ; that on the 5th day of May, 1886, a transcript of the judgment was filed in the clerk's office of the Madison Circuit Court ; that on the 17th day of November, 1886, an execution was issued thereon by the clerk of said court, and placed in the hands of the sheriff of that county, who levied the same on said land, and advertised it for sale on the 19th day of February, 1887 ; that the land was by the sheriff sold on that day, the appellant being the purchaser, for the sum of $167.03 ; that the sheriff executed to the purchaser a certificate, and on the —— day of ——, 1888, executed to him a deed.

It is further averred that at the date of said sale the land was worth $4,000, and that prior to said levy and sale the sheriff made no demand upon Charles Foust, her co-defendant in said judgment, for property out of which to satisfy said judgment, although he had at the time in said county personal property subject to levy and sale worth more than $500. It is also averred that the cross-complainant had no knowledge of the sale of her said land until after the year for redemption had expired, and that the bringing of the suit for possession was the first notice or knowledge she had that her land had been sold. Also, that at the time of the

sale she had and held a judgment in the Madison Circuit Court against the appellant for $245 and costs, being more than the entire amount of the' judgment of the appellant upon which the sale was made.

It is also averred that the land sold was so situated that it could have been divided into tracts of five or ten-acre pieces, without injury, any five acres of which would have been sufficient to have fully paid said debt.

The cross-complaint also shows that on the 5th day of September, 1888, and within sixty days after the cross-complainant learned of the sale, she tendered to appellant the full amount of her bid on said land, with 8 per cent. interest to the date of the tender, but the tender was refused; that such tender has since been kept good, and concludes with a demand that the sale be set aside, and for a decree permitting her to redeem.

A demurrer to the cross-complaint, on the ground that it did not state facts sufficient to constitute a cause of action, was overruled, and the appellant assigns this ruling as error.

The jury returned a special verdict, finding in substance the following facts :

The appellee Louisa Foust became the owner in fee simple of the land in controversy September 24th, 1873. The appellant and Charles E. Diven recovered a judgment against her and Charlest Foust on the 18th day of November, 1878, before a justice of the peace for $91.20, with 10 per cent. interest and $3.35 costs. An execution was issued November 30th, 1878, and returned January 13th, 1879, by the constable nulla bona.

May 6th, 1881, the justice prepared a transcript, which was filed and recorded in the clerk's office of Madison county May 5th, 1886. November 17th, 1886, an execution on the judgment was issued by the clerk of Madison county to the sheriff of that county. The sheriff demanded payment of the appellee Louisa, and also demanded personal property

of her, both of which were refused, but he made no demand whatever upon her co-judgment defendant, Charles, although said Charles then owned and had upon the premises in controversy personal property, subject to the levy of said writ, worth more than $600. December 7th, 1886, the sheriff levied the execution upon the land, and, having duly advertised it, he sold it on the 19th day of February, 1887, to the appellant for $167.03, which was the exact amount then due on the writ. The jury find that the sheriff offered the rents and profits of the land in parcels, and, receiving no bids, he offered the fee simple in parcels, and, receiving no bids, he offered the fee simple of all. They do not find whether or not he offered the rents and profits of all, but the finding relative to the manner of offering and selling is against the appellee. The finding is full, showing the execution of a sheriff's certificate, the failure to redeem, and the execution of a sheriff's deed.

The jury also finds that the land was of the value of $3,-200 at the time of the sale, and that its annual rental value was, and for five or six years thereafter had been, $240 ; that at the time the appellee was, and still is, in possession of the land, and that she had no actual knowledge or information of the levy of said execution on said land, or that it had been advertised or sold, until this suit was commenced and summons served upon her. They also find that the land was so situated that it could, without injury, have been subdivided and sold in four parcels, each worth $800. The finding also fully sustains the averment of the cross-complaint of the offer to redeem and tender of the money to the appellant, and that the tender had been kept good. It is also found that on the 2d day of July, 1886, the appellee Louisa recovered a judgment against the appellant for $245.40 in the Madison Circuit Court which was unsatisfied and unpaid at the date of the sale, and that on the 18th day of January, 1889, on a settlement being had between the appellant and said Louisa, which included the judgment last above referred

to, but did not include anything involved in this suit, it was found and agreed that the appellant owed her a balance of $184.61.

The appellant insists that he was entitled to a judgment in his favor on the special verdict, and assigns as error the action of the circuit court in rendering judgment in favor of the appellee.

The questions presented by the two assignments of error will be considered together.

Appellant's contention is :

1st. In an action for the possession of land by one whose title is derived through a sheriff's sale, the validity of the sale can not be attacked by cross-complaint.

2d. No fact is averred or found sufficient to render the sale void, and it is insisted that the attack thus made on the sheriff's sale is collateral, and can not succeed because of irregularities which might render the sale voidable, but do not render it void.

3d. No substantial objection is shown to the sale, save inadequacy of consideration, and that a sheriff's sale will never be set aside for mere inadequacy of consideration.

It is well settled that objections to a sheriff's sale may be made in an action to recover the land. Sherry v. Nick of the Woods, 1 Ind. 575; Meredith v. Chancey, 59 Ind. 466 (469).

We know of no good reason why the attack may not be made by way of cross-complaint. We think it may. Counsel err in assuming that the attack thus made upon the sale is collateral. It is as much a direct attack as if, without any suit by the appellant to recover the land, the appellee had commenced a suit to set the sheriff's sale aside. When the defendant in an action files a proper cross-complaint, he thereby commences an action in which he is the plaintiff. It is so far an independent action that the dismissal by the plaintiff of the main action does not necessarily affect it.

As is said in Ewing v. Patterson, 35 Ind. 326 (330) : " The

Branch v. Foust et al.

only real difference between a complaint and a cross-complaint is, that the first is filed by the plaintiff and the second by the defendant. * * * When a defendant files a cross-complaint and seeks affirmative relief, he becomes the plaintiff, and the plaintiff in the original action becomes the defendant in the cross-complaint."

It is true that, in so far as the question is raised by way of answer, the attack upon the sale is collateral. But it must be remembered that the purchaser at the sale was the execution plaintiff, who is also the party here seeking to enforce it.

While we feel that we are not required to decide the question here, we do not wish to be understood as affirming or intimating that a sheriff's sale may not be attacked collatterally where, as in the case at bar, the purchaser is the execution plaintiff. The authorities are uniform in holding that he is chargeable with notice of all irregularities in the sale. *Meredith* v. *Chancey, supra; Harrison* v. *Doe,* 2 Blackf. 1; *Hamilton* v. *Burch,* 28 Ind. 233 (235); *Piel* v. *Brayer,* 30 Ind. 332 (339); *Keen* v. *Preston,* 24 Ind. 395 (398); *Carnahan* v. *Yerkes,* 87 Ind. 62; *Richey* v. *Merritt,* 108 Ind. 347.

But as every question involved is properly raised under the issues formed on the cross-complaint, we need not and do not decide any question except such as arises in the direct attack thus made by the cross-complaint.

Counsel also err in assuming that a sheriff's sale will never be set aside because of inadequacy of consideration.

Mere inadequacy of price alone may be sufficient to justify setting the sale aside. To have this effect, however, the disparity between the value of the property sold, and the price paid, must be so great as to shock the sense of justice and right. *Chamblee* v. *Tarbox,* 27 Texas, 139 (84 Am. Dec. 614); *Wright* v. *Dick,* 116 Ind. 538; *Fletcher* v. *Mc-Gill,* 110 Ind. 395.

If, coupled with great inadequacy of price, there are circumstances showing fraud, irregularity or great unfairness,

the courts will not hesitate (at least when the attack upon the sale is direct) to set it aside. See, in addition to cases above cited, *Reed* v. *Carter*, 1 Blackf. 410 ; *Reed* v. *Carter*, 3 Blackf. 376 ; *Lashley* v. *Cassell*, 23 Ind. 600 (602), and also cases cited in *Wright* v. *Dick, supra,* and *Fletcher* v. *McGill, supra.*

In *Wright* v. *Dick, supra,* it is said, page 542, that the authorities universally agree " that gross inadequacy of price, coupled with slight additional facts, showing fraud, irregularity, or any other circumstance, which may have operated to prevent the property from bringing something like its fair value, will avoid a sale."

In *Graffam* v. *Burgess* 117 U. S. 180 (192), the court says : " Great inadequacy requires only slight circumstances of unfairness in the conduct of the party benefited by the sale to raise the presumption of fraud." See, also, authorities cited in *Wright* v. *Dick, supra,* and *Fletcher* v. *McGill, supra.*

The facts in *Wright* v. *Dick, supra,* were in many respects not unlike the facts in the case at bar, and, as here, the attack upon the sheriff's sale was by way of cross-complaint, in an action for partition.

In the case at bar the following facts are shown beyond controversy :

The judgment recovered against the appellee and another was allowed to rest for years without effort to enforce it. Then, although the appellant was at the time indebted to the appellee in a sum larger than the amount due on the judgment, he caused an execution to issue for its collection. While a demand was made upon her for payment, or for personal property on the writ, no demand was made upon her co-judgment defendant who had at the time, on the very land which was sold, personal property, subject to execution, worth more than $600, and was only entitled to $300 of it exempt from execution as against this judgment. Without her knowledge the execution was levied upon her land, which the jury finds was worth $3,200. It was sold by the

sheriff and bid in by the appellant for $167.03. She had no actual knowledge of the sale until after the year for redemption had expired. To sustain the appellant's contention would be to adjudge that by this sale he has acquired title to the land and may evict her. This we can not do. In our opinion the judgment of the circuit court was clearly right. We do not decide whether the inadequacy of price was or was not alone sufficient to avoid the sale. The additional facts are sufficient not only to justify, but to compel the inference that the appellant in pursuing the course he did was not actuated by a mere desire to collect the debt due him.

Judgment affirmed.

Filed March 9, 1892.