## COLE et al. v. PRUDENTIAL INS CO. OF AMERICA.

No. 27439.    Oct. 12, 1937.

Owen F. Renegar, for plaintiffs in error.

Little & Bowman, for defendant in error.

PER CURIAM. This is an appeal from the district court of Oklahoma county and arises out of a foreclosure action in said court wherein the defendant in error was plaintiff and the plaintiffs in error were defendants. We will hereafter refer to the parties in the order of their appearance in the trial court. On May 16, 1935, a judgment was rendered in favor of the plaintiff and against the defendants in the sum of $3,848.49, with interest thereon at the rate of 10 per cent. per annum from March 1, 1935, and the further sum of $400 attorney fees, and a mortgage lien on certain real estate in Oklahoma county securing the aforesaid sums was foreclosed and the property therein described was ordered sold without appraisement in the manner provided by law. At the expiration of the statutory stay period, an order of sale and special execution issued and thereunder, after due advertisement, the property involved was sold by the sheriff of Oklahoma county to the plaintiff for the sum of $3,000. The plaintiff was the sole bidder at said sale. The sheriff made due return of the sale and the plaintiff filed motion to confirm the same. Defendants thereupon filed objections to the confirmation of sale upon the ground that said sale was void by reason of lack of any competitive bidding. The motion of plaintiff to confirm the sale and the objections of defendants thereto were heard and considered together. No witnesses were called, but the parties stipulated that if certain witnesses were called by the defendants, said witnesses would testify that the mortgaged premises were worth the sum of $5,000. Upon the record thus made, the court sustained the motion to confirm the sale and overruled the objections of the defendants to confirmation. The defendants appeal and as grounds for reversal urge that said sale was void because there was but a single bidder thereat and that the price bid for the property was grossly inadequate. The defendants cite no authority in support of their first contention, but urge a sheriff's sale must be made to the highest bidder, and that when there is only one bidder the degree of comparison is lacking and that such sale is void. This court has not heretofore had occasion to pass upon the precise point so urged. We find, however, that similar contentions have heretofore been advanced in the courts of other states, notably those of Massachusetts, North Dakota, and Washington, and have been uniformly denied. See Manning v. Liberty Trust Co. (Mass.)

125 N. E. 691; Power v. Larabee (N. D.) 57 N. W. 789, and Mellen v. Edwards (Wash.) 37 P. (2d) 203. In Power v. Larabee, supra, the court had this to say:

"It is not necessary that there should be more than one bidder to make a sale a sale at public auction. It is sufficient if the public have been fully advised of the sale by legal publication of notice and have the right to attend and bid. Those who do not attend the sale assert by their conduct that they do not wish the property at any price."

There is no showing in the record here that the plaintiff did anything to stifle bidding or that it sought in any manner to take advantage of the fact that it was the sole bidder at the sheriff's sale, but, on the contrary, it appears that plaintiff placed a substantial bid on the property. In the light of these facts and the reasoning contained in the case above cited, we are of the opinion that the fact that the plaintiff was the sole bidder at the sheriff's sale did not render said sale invalid in any respect.

The final contention of defendants is that the price bid for the property was grossly inadequate. This charge is predicated solely upon the fact that a property, which in the opinion of certain witnesses was worth $5,000, was sold to the plaintiff for $3,000. In this connection we wish to say that it is a notable fact that witnesses who so freely testify in transactions of this kind with respect to the value of properties sold at sheriff's sale are always careful to avoid attending such sales and placing a bid on the property concerning whose value they testify so blithely and liberally. It would seem that occasionally some of these parties would take advantage of the opportunity to acquire some of the properties which, in their opinion, are being sold at sacrifice prices. Mirabile dictu, this apparently never happens. The defendants concede that mere inadequacy of consideration is not sufficient to justify a court of equity in refusing to confirm a sheriff's sale but urge that gross inadequacy of consideration coupled with other slight circumstances is sufficient to justify such action, and they point to the economic depression as such circumstances and cite and rely upon a number of cases, both from this court and other jurisdictions, to support the general proposition first stated, and the case of Suring State Bank v. Giese, 210 Wis. 489, 246 N. W. 556, 85 A. L. R. 1477, to sustain their contention with respect to the economic situation 'as being a factor to be considered in connection with the price. While this court in the cited cases, and in many others, is committed to the rule that a gross inadequacy of consideration coupled with other slight circumstances · is sufficient to justify a court of equity in denying a confirmation where an injustice would be done, as pointed out in State ex rel. Commissioners of the Land Office v. Harrower, 167 Okla. 269, 29 P. (2d) 123, it has likewise held that objections which are based solely upon economic conditions are insufficient to void a sheriff's sale. Barnard v. First National Bank of Miami, 176 Okla. 326, 55 P. (2d) 972. The regularity of the proceedings had in connection with the sheriff's sale here involved is not challenged, and neither is there any fraud or unfairness charged. The price bid by the plaintiff for the property is not shown to have been so grossly inadequate as to shock the conscience of the court or to justify the exercise of its broad equity powers, and neither is there any abuse of discretion on the part of the court in confirming the sale shown. Under these circumstances, we think the rule announced by this court in Barnard v. First National Bank of Miami, supra, wherein it was said:

"It is the policy of the law that judicial sales shall be final, and in the absence of fraud, unfairness, or inadequacy of price so great as to shock the conscience of the court, there is no abuse of discretion in confirming a sale which has been made in all respects in conformity to the statute"

—is applicable to the situation presented. There being no error shown in the record, the judgment will not be disturbed.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, CORN, GIBSON, HURST, and DAVISON, JJ., concur. WELCH and PHELPS, JJ., absent.