James M. Houck, Houck & Houck, Greencastle, for appellant.

Stephen S. Pierson, Greencastle, for appellee.

**COLONIAL DISCOUNT CORPORATION,**
**Appellant (Defendant Below),**

v.

**Loren and Brenda BOWMAN, Appellee**
**(Plaintiffs Below).**

**No. 1–381A86.**

Court of Appeals of Indiana,
First District.

Sept. 10, 1981.

ROBERTSON, Judge.

Colonial Discount Corporation (Colonial) appeals the trial court's adverse decision which awarded $1,510.00 to Loren and Brenda Bowman (Bowmans) in recognition of their equity in realty purchased from Colonial under two contracts.

We dismiss the appeal because the trial court lacked jurisdiction to enter a judgment.

On May 16, 1977, Bowmans entered into a contract to purchase two lots, located in Putnam County, from Colonial. The purchase price was $9,400.00, with a downpayment of $940.00, and the balance of $8,460.00 was to be paid over a period of 180

months, at 12.34% annually, in monthly payments of $103.38. Total payment, including downpayment, was to be $19,548.40. On August 16, 1977, the Bowmans entered into another contract with Colonial for the purchase of another lot in the same subdivision. The purchase price was $5,200.00, with a downpayment of $520.00, and the balance of $4,680.00 was to be paid over a period of 180 months, at 12.34% annually, by monthly payments of $57.18. Total payment, including the downpayment, was to be $10,812.40. The Bowmans received immediate possession of the lots and were to assume the taxes on the first two lots, subjects of the first contract, in November, 1977, and the taxes on the third lot in May, 1978. Both contracts contained the following default and forfeiture provisions:

Purchaser's Default. Time shall be of the essence of this agreement. If Purchaser (a) fails to pay any installment of the purchase price or interest thereon or any installment of taxes on the Real Estate, or assessment as hereby required, as the same becomes due, and if such failure continues for a period of thirty (30) days; or (b) fails to perform or observe any other condition or terms of this agreement and such default continues for a period of thirty (30) days after written notice thereof is given to Purchaser; then, and in either such event, Vendor may, at its option: (1) cancel this agreement and take possession of the Real Estate, and remove Purchaser therefrom, or those holding or claiming under him, without any demand; (2) declare the entire unpaid balance of this contract immediately due and payable, and in such event, Vendor may pursue whatever remedies, legal or equitable, are available to collect the entire unpaid balance of the Purchase Price, plus interest on the contract balance from the date of default to judgment; (3) exercise any other remedies available at law, or in equity. The remedies herein provided shall be cumulative and not exclusive. Failure of Vendor to exercise any remedy at any time shall not operate as a waiver of the right of Vendor to exercise any remedy for the same or any subsequent default at any time thereafter. *In the event of Vendor's cancellation after default by Purchaser, all rights and demands of Purchaser under this contract and in and to the real estate shall cease and terminate and purchaser shall have no further right, title or interest, legal or equitable, in or to the Real Estate, and Vendor shall have the right to retain all amounts theretofore paid by Purchaser as agreed payment for Purchaser's possession of the Real Estate prior to default.* Such retention shall not bar Vendor's right to recover damages for unlawful detention of the real estate after default, for any failure to pay taxes or assessments, for failure to maintain the real estate any time, for waste committed thereon or for any other damages suffered by Vendor, including reasonable Attorney's fees incurred by Vendor in enforcing any right hereunder or in removing any encumbrance of the Real Estate made or suffered by Purchaser. (Emphasis added.)

Problems arose shortly after the parties entered into the agreements and payments were irregular. Colonial gave the Bowmans a two month extension on the contracts in December, 1979. The Bowmans last made payments on the contracts in November, 1979, for payments due in September and August, 1979. In January, 1980, the Bowmans moved off the property. The Bowmans sought an offer for their equity in the property from Colonial, which was not forthcoming. They attempted to sell the property, but pursuant to the contracts' provisions, Colonial denied the assignment of the contracts. Correspondence from the Bowmans' attorney to Colonial indicates another attempt was made to sell the property by March 31, 1980, but this attempt failed and Colonial took possession of the property on April 1, 1980. Both parties agree that the Bowmans had paid $2,286.52 on the principal of the two contracts.

After Colonial took possession, they had to pay a $151.30 insurance premium on the property and $200.00 for cleaning. Colonial

also asserts they had to pay back taxes, but no amount was specified. On April 30, 1981, the third lot, which the Bowmans contracted to purchase in August, 1977, was sold on contract by Colonial. The purchase price was $5,800.00.

The Bowmans filed their complaint on August 28, 1980, in the Putnam County Court. The complaint was styled as a claim for unjust enrichment, based upon Colonial's repossession of the property without following statutory foreclosure proceedings and Colonial's retention of all Bowmans' payments. The trial court awarded the Bowmans $1,500.00 plus $10.00 in costs.

Colonial argues the trial court's decision was not supported by sufficient evidence and that the decision was contrary to law.

The Bowmans based their complaint on *Skendzel v. Marshall,* (1973) 261 Ind. 226, 301 N.E.2d 641. In that case, our supreme court held that installment contracts for sale of realty, which contain forfeiture provisions activated by a buyer's breach, should be treated as equitable mortgages in certain situations. The court chose to look beyond the form of such an agreement and recognized that the seller's interest was a lien on the real estate for the unpaid balance of the purchase price and other appropriate damages. The court recognized that by allowing a seller to utilize forfeiture provisions, the seller would not only satisfy his lien, in many situations, by reselling the real estate, but also retain the buyer's payments in what would amount to an unfair penalty rather than reasonable liquidated damages. The court directed that in situations where a buyer has made substantial payments, the statutory procedures for foreclosing a mortgage should be followed pursuant to *Ind.*

Code 32–8–16–1 and Ind.Rules of Procedure, Trial Rule 69(C).[1] When this is done, the court recognized that the buyer has an equitable lien on the property for his equity. This equity being the amount of the value of the property above other liens and charges against it. *McLendon v. Safe Realty Corp.* (1980) Ind.App., 401 N.E.2d 80.

Given this background, we think that although Bowmans' complaint was styled as a claim for unjust enrichment, they were in fact seeking recognition of their equity in the real estate and satisfaction of their equitable lien against it for this equity. The jurisdiction of county courts is generally defined by *Ind.Code* 33–10.5–3–1. *Ind. Code* 33–10.5–3–2, then specifies certain exclusions as follows:

> The county court has no jurisdiction in actions seeking injunctive relief or involving partition of real estate, *or to declare or enforce any lien thereon,* nor shall the court have jurisdiction in matters pertaining to paternity, juvenile or probate, and has no jurisdiction in cases where the appointment of a receiver is asked or in suits for dissolution of marriage. The county court has jurisdiction to conduct preliminary hearings in felony cases. (Emphasis added.)

Because the essence of Bowmans' complaint was satisfaction of their equitable lien, the Putnam County Court lacked subject matter jurisdiction over the case and was without authority to render a judgment on the complaint. For this reason, the judgment of the trial court is void and this appeal is dismissed.

NEAL, P. J., and RATLIFF, J., concur.

---

1. The court also recognized exceptions to the rule, when forfeiture clauses may properly be enforced:

   > In the case of an abandoning, absconding vendee, forfeiture is a logical and equitable remedy. Forfeiture would also be appropriate where the vendee has paid a minimum amount on the contract at the time of default and seeks to retain possession while the vendor is paying taxes, insurance, and other upkeep in order to preserve the premises. Of course, in this latter situation, the vendee will have acquired very little, if any, equity in the property. However, a court of equity must always approach forfeitures with great caution, being forever aware of the possibility of *inequitable dispossession of property and exorbitant monetary loss.* We are persuaded that forfeiture may only be appropriate under circumstances in which it is found to be consonant with notions of fairness and justice under the law.

   301 N.E.2d at 650.