Venice L. ARNOLD and Lois M. Arnold, Defendants-Appellants,

v.

MELVIN R. HALL, INC., Plaintiff-Appellee.

No. 1–384A85.

Court of Appeals of Indiana, First District.

May 30, 1985.

John J. Fuhs, Petri & Fuhs, Spencer, for defendants-appellants.

George B. Mathes, Spencer, for plaintiff-appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

Venice L. Arnold and Lois M. Arnold (Arnolds), appeal from the entry of a foreclosure order and deficiency judgment by the Owen Circuit Court in favor of Melvin R. Hall, Inc. We reverse.

## FACTS

In December 1981, the Arnolds entered into a Contract for Conditional Sale of Real Estate and Personal Property with Melvin R. Hall, Inc. to purchase Petroleum Services of Gosport, Indiana, for $135,000. That price included real estate, buildings, and improvements valued at $100,000 and tools, equipment, fixtures, stock, and inventory valued at $35,000. In the same instrument, the Arnolds also acknowledged the receipt of a $14,800 loan from Melvin R. Hall, Inc. As payment, the Arnolds immediately deeded to Melvin R. Hall, Inc. a 103.5 acre tract of land which the parties valued at $65,000. Additionally, the Arnolds agreed to pay

monthly installments of $1,066.37 commencing on January 7, 1982.

The Arnolds satisfied their installment obligations more or less regularly until February 1983. In April 1983, Melvin R. Hall, Inc. filed a complaint in the Owen Circuit Court seeking foreclosure. On October 27, 1983, the trial court entered a foreclosure order and deficiency judgment against the Arnolds.

On November 3, 1983, the remaining personal property was sold. After the costs of the sale were deducted, the sheriff reported a net profit of $15,441.75 to be applied to the outstanding debt. On December 8, 1983, the real property was sold at the sheriff's sale. Melvin R. Hall, Inc., the lone bidder at the sale, bid $54,000 for the realty. The net profit from the sale was $53,355.35. This left a total deficiency of $15,805.31, which Melvin R. Hall, Inc. seeks to collect from the Arnolds pursuant to the deficiency judgment it was awarded in the trial court's order.

## ISSUES

The appellants have raised two issues for our consideration. Restated, they are:

1. Whether the trial court erred by granting the remedy of foreclosure to Melvin R. Hall, Inc., when it failed to establish that it had title to the subject real estate.

2. Whether a vendor, who purchases the property at the foreclosure sale, is also entitled to a deficiency judgment absent some showing that the value of the property is less than the total remaining deficiency.

## DISCUSSION AND DECISION

*Issue One*

Initially, the Arnolds assert that the trial court erred as a matter of law when it ordered foreclosure. They contend that Melvin R. Hall, Inc. was required to estab-

lish that it possessed the legal title to the realty. At trial, however, Melvin R. Hall[1] testified that he continued to hold title to the property in his own name.[2] Consequently, the Arnolds maintain, Melvin R. Hall, Inc. was entitled to damages occasioned by their breach of the conditional land sale contract, but not to foreclosure.

■ The Arnolds have failed, however, to preserve this issue for our consideration. They have cited no authority which either directly or indirectly supports their proposition that the vendor of a conditional land sale contract must have legal title to the property which he seeks to subject to foreclosure. Consequently, appellate review of this issue has been waived. Indiana Rules of Procedure, Appellate Rule 8.3(A)(7); *Lenard v. Adams* (1981), Ind.App., 425 N.E.2d 211, 218; *Glover v. Ottinger* (1980), Ind.App., 400 N.E.2d 1212, 1215.

*Issue Two*

Resolution of the second issue raised by the Arnolds requires a more complicated analysis. At the foreclosure sale of the realty, the only bidder was Melvin R. Hall, Inc. Its bid was substantially less than the outstanding balance on the conditional land sale contract. Consequently, Melvin R. Hall, Inc. seeks a deficiency judgment from the Arnolds of nearly $16,000. The Arnolds contend that to permit Melvin R. Hall, Inc. to recover a deficiency judgment in addition to retaining the realty and the payments made on the contract would be inequitable. We agree.

■ For more than a decade, Indiana courts have followed the tenets set down by our supreme court in its landmark decision, *Skendzel v. Marshall* (1973), 261 Ind. 226, 301 N.E.2d 641. In *Skendzel*, the supreme court, through an application of equitable principles, held that in all but a few specific situations a conditional land sale contract should be viewed as an eq-

---

1. Melvin R. Hall is the president and sole stockholder of Melvin R. Hall, Inc.

2. Appellee, Melvin R. Hall, Inc., appended to its appellate brief a deed from Melvin R. Hall to

Melvin R. Hall, Inc. recorded in Owen County on October 11, 1977. This deed was not, however, entered into evidence during trial. Consequently, we will not consider it.

uitable mortgage. *Skendzel,* at 237, 301 N.E.2d at 648; *Colonial Discount Corp. v. Bowman* (1981), Ind.App., 425 N.E.2d 266, 268. Consequently, in those situations the appropriate remedy for the vendor confronted with a defaulting purchaser is that provided by the mortgage foreclosure statutes. *Skendzel,* 261 Ind. at 240, 301 N.E.2d at 650. This was, in fact, the remedy pursued by Melvin R. Hall, Inc. Thus, it is essential that we examine the parameters of the mortgage foreclosure remedy in order to resolve the issue raised by the Arnolds.

Traditionally, foreclosure of mortgages and other liens on real estate has been an equitable remedy. As early as the reign of James I, equity began to intervene to protect mortgagors from the harsh results often visited upon them by the law courts. 4 J. Pomeroy, *Equity Jurisprudence* § 1180 (S. Symons 5th ed. 1941); 3 R. Powell, *The law of Real Property* ¶ 462 (P. Rohan ed. 1984). In Indiana, a suit to foreclose remains essentially "an appeal to the equity powers of the court." *Loomis v. Donovan* (1861), 17 Ind. 198, 200; *Farmers Bank & Trust Co. v. Ross* (1980), Ind.App., 401 N.E.2d 74, 76, *trans. denied.*

In addition to his equitable remedy of foreclosure, a mortgagee is generally entitled to the legal remedy of a deficiency judgment for the balance of the debt remaining following the foreclosure sale. Of course, once equity took jurisdiction of the suit to foreclose it could also consider the availability of a deficiency judgment.[3] *Carmichael v. Adams* (1883), 91 Ind. 526, 527; 59; C.J.S. *Mortgages* § 777 (1949); 55 Am.Jur.2d *Mortgages* § 917 (1971); 1 J. Pomeroy, *Equity Jurisprudence* § 240 (S. Symons 5th ed. 1941). This it did pursuant to the general rule of equity that "where a court of equity obtains jurisdiction of an action, it will retain it, and administer full relief, both legal and equitable, so far as it pertains to the same transaction or the same subject-matter." 1 J. Pomeroy, at § 240. *See also Carmichael,* at 527; *Farmers Bank & Trust,* at 76. When equity exercised its jurisdiction over requests for the legal remedy of a deficiency judgment it applied equitable principles. *See generally,* 55 A.Jur.2d at § 917, p. 795; 59 C.J.S. at § 778; 1 J. Pomeroy, at § 232.

One state which applies equitable considerations to requests for deficiency judgments is Florida. Although Florida now has a statute which expressly permits this approach, it is clear that Florida courts would apply equitable considerations independent of any statute.[4] *Cragin v. Ocean Lake Realty Co.* (1931), 101 Fla. 1324, 1329–30, 133 So. 569, 571–72; *Maudo, Inc. v. Stein* (Fla.Dist.Ct.App.1967), 201 So.2d 821, 823. In determining the availability of a deficiency judgment in a particular case, the Florida courts examine a wide range of equitable considerations. Particularly important is who purchased the property at the foreclosure sale and how much was paid for it. *Houk v. Weiner* (1951), Fla., 53 So.2d 304, 304; *Carlson v. Becker* (1950), Fla., 45 So.2d 116, 116; *Lloyd v. Cannon* (Fla.Dist.Co.App.1981), 399 So.2d 1095, 1096; *Flagship State Bank v. Drew*

3. Indiana, in fact, requires deficiency judgments to be included in the foreclosure order. Indiana Code section 34–1–53–5 (Burns 1973) states:

"Order of sale—Execution for deficiency.—When there is an express written agreement for the payment of the sum of money secured, contained in the mortgage, or any separate instrument, the court shall direct in the order of sale that the balance due on the mortgage and costs which may remain unsatisfied after the sale of the mortgaged premises, shall be levied of [on] any property of the mortgage-debtor."

4. Fla.Stat. § 702.06 (1969) states:

"In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound judicial discretion of the court, but the complainant shall also have the right to sue at common law to recover such deficiency, provided no suit at law to recover such deficiency shall be maintained against the original mortgagor in cases where the mortgage is for the purchase price of the property involved and where the original mortgagee becomes the purchaser thereof at foreclosure sale and also is granted a deficiency decree against the original mortgagor."

*Equipment Co.* (Fla.Dist.Ct.App.1981), 392 So.2d 609, 613. Where the mortgagee purchases the property at the foreclosure sale for less than the outstanding debt, equity dictates that he be denied a deficiency judgment. *Houk,* at 304; *Bobby Jones Garden Apartments, Inc. v. Connecticut Mutual Life Insurance Co.* (Fla.Dist.Ct.App.1967), 202 So.2d 226, 230; *Larsen v. Allocca,* (Fla.Dist.Ct.App.1966), 187 So.2d 903, 905.

 We think equity and established public policy require a similar result in Indiana. In *Skendzel,* our supreme court invoked equitable principles to prevent forfeiture in all but a few cases of defaulting vendees. *Skendzel,* 261 Ind. at 240, 301 N.E.2d at 650. In fact, equity first interceded in mortgage foreclosures to protect mortgagors from the forfeitures which often occurred in the law courts. 4 J. Pomeroy, at §§ 1179, 1180. A similar situation is presented to us by this case. Melvin R. Hall, Inc. received substantial payments from the Arnolds prior to their default on the land contract obligation. It also acquired the real estate at the foreclosure sale. If, in addition, Melvin R. Hall, Inc. receives a deficiency judgment it will, in effect, reap a double recovery. Such a result is clearly violative of equity and the principles announced in *Skendzel. Skendzel,* at 240, 301 N.E.2d at 250; *Colonial Discount Corp.,* at 268; *Tidd v. Stauffer* (1974), 159 Ind.App. 570, 577, 308 N.E.2d 415, 419. Consequently, equity and public policy demand that, absent evidence that the property's value is less than the total remaining deficiency, a mortgagee/vendor who purchases the property at the foreclosure sale is not entitled to a deficiency judgment.

The judgment of the trial court, insofar as it permits the appellee to recover a deficiency judgment, is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

NEAL and ROBERTSON, JJ., concur.