**Venice L. ARNOLD and Lois M. Arnold, Appellants (Defendants Below),**

v.

**MELVIN R. HALL, INC., Appellee (Plaintiff Below).**

No. 60S01–8608–CV–720.

Supreme Court of Indiana.

Aug. 7, 1986.

John J. Fuhs, Petri & Fuhs, Spencer, for appellants.

George B. Mathes, Spencer, for appellee.

Thomas W. Dinwiddie, Theresa C. Williams, Wooden McLaughlin & Sterner, Indianapolis, for amicus curiae Indiana Mortgage Bankers.

Stephen A. Claffey, Steven L. Householder, Baker and Daniels, Indianapolis, for amicus curiae The Federal Land Bank of Louisville and The Federal Intermediate Credit Bank of Louisville.

Theodore J. Nowacki, David R. Day, Bose, McKinney and Evans, Indianapolis,

for amicus curiae Indiana League of Savings Institutions.

Donald F. Elliott, Jr., Ice, Miller, Donadio and Ryan, Indianapolis, for amicus curiae The Indiana Bankers Assn.

SHEPARD, Justice.

The question presented is whether a contract seller who forecloses on his contract can obtain a deficiency judgment if he buys the property at a foreclosure sale for less than the amount still due on the contract without providing the trial court proof that the property is worth less than the amount due at the time of sale.

In December 1981 appellants Venice L. and Lois M. Arnold executed a contract for the sale of real estate and personal property under which they purchased Petroleum Services of Gosport, Indiana, from appellee Melvin R. Hall, Inc. The stated purchase price was $135,000; the parties agreed that $100,000 of this amount was for the real estate and improvements and that $35,000 was compensation for the tools, equipment, fixtures, stock, and inventory. In return, the Arnolds deeded to Hall a 103.5 acre parcel of land and an easement on another parcel which the parties valued at $65,000. The remainder of the consideration was a note for $70,000. The Arnolds also acknowledged a loan from Hall of $14,800 and agreed to make monthly payments on same.

About a year later, the Arnolds ceased payments on the note and Hall sought foreclosure through a complaint in the Owen Circuit Court. The trial court granted foreclosure and entered a deficiency judgment against the Arnolds. The personal property was sold, bringing net proceeds of $15,441.75. The real estate was sold through a sheriff's sale, at which Hall bid $45,000. The net proceeds from the real estate were $53,355.35. The final deficiency was $15,805.31.

The Court of Appeals vacated the deficiency judgment, concluding that equity demanded that Hall provide proof that the real estate he purchased at the sheriff's sale was worth less than the deficiency

which remained at the time of the sale. *Arnold v. Melvin R. Hall, Inc.* (1985), Ind. App., 478 N.E.2d 696; reh. denied with opinion, 481 N.E.2d 409. Judge Ratliff has provided a careful and thorough analysis of the law of foreclosure on contract sales, and it is not without some reluctance that this author announces this Court's different conclusion.

It has been common practice by several generations of drafters to include forfeiture clauses in contracts for the sale of real estate. These provide that in the event of default on the contract, the seller can repossess the property and keep the buyer's payments on the contract as a forfeiture. Recognizing that it was possible for a purchaser to pay for most of the value of a parcel of land and then lose both the land and his money under such clauses, courts of equity have long had jurisdiction to grant relief against their enforcement. 30 C.J.S., *Equity*, § 56 (1965 ed.).

Confronted by just such a situation, this Court concluded that adequate protection of the interests of contract buyers required that such sales be treated, with some exceptions, in the same manner as mortgage foreclosures. The Court determined that foreclosure of such vendors' liens should be conducted pursuant to Ind.Rules of Trial Procedure, Rule 69(c), and the mortgage foreclosure statute, Ind.Code § 32–8–16–1 *et seq. Skendzel v. Marshall* (1973), 261 Ind. 226, 301 N.E.2d 641. The contract at issue in *Skendzel* provided a sale price of $36,000; the original seller's heirs sought forfeiture, including the $21,000 already paid on principal plus repossession of the real estate. This Court found that such "would have led to unconscionable results requiring the intervention of equity." *Id.*, 261 Ind. at 241, 301 N.E.2d at 650.

The *Skendzel* ruling recognized that there would be situations in which simple forfeiture would be entirely equitable, such as against an absconding vendee or against one who had made minimal payments at the time of the default. Nevertheless, the decision that most contract sales should be

treated as though they were mortgage foreclosures gave to the defaulting purchaser substantial rights which he did not have under traditional rules of contract enforcement. Among these were mechanisms for notice, stay of execution, supervision of the sale by a public officer, advertising requirements, and the like, which are a part of the mortgage foreclosure statute. It also tended to insure that damages sought by the seller would bear a relationship to the commercial reality of the transaction.

This is not to say that such procedures guarantee that equity is achieved in every case and it was apparently this concern which led the Court of Appeals to hold that a mortgagee seeking to collect on a deficiency judgment after he has repurchased the mortgaged property at a sheriff's sale should be obligated to present evidence that the property purchased had a fair market value less than the amount owed on the contract at the time of sale. Judge Ratliff noted that it is possible that a vendor could appear at a foreclosure sale (as here, where Hall was the only bidder), purchase the property for a mere percentage of its fair market value and then seek enforcement of his deficiency judgment for the full amount of the remaining debt. "In essence, the vendor/mortgagee would have the absolute right to reap a double recovery in every case." *Arnold,* 481 N.E.2d at 413.

■ We agree that equity would demand a remedy for such a wrong, but find ourselves unable to conclude that the best way to assure that such does not occur is to require every mortgagee to provide the court with evidence that the fair market value of the property at the time of the foreclosure sale is less than the balance of the debt then due.

■ One whose interest in property has been sold by the sheriff need not accept the results of the sale without question. He has the right to seek that the sale be set aside. This has been true for some time. *Sherry v. Nick of the Woods* (1850), 1 Ind. 575. Where it appears that the results of a sale are such that entry of a deficiency judgment is shocking to the court's sense of conscience and justice, the sale may be set aside or the request for a deficiency judgment denied. However, mere allegation that the price paid for the land at the sale is inadequate will not suffice. The law presumes that the sheriff's sale provides a decent method by which value can be fixed, *Markel v. Evans* (1874), 47 Ind. 326, though this may not always be true in fact. Moreover, proof that there was but one bidder at the sale will not serve, by itself, to rebut the presumption that the bid represents the value of the property or serve as an adequate basis to invalidate the sale. *Cole v. Prudential Insurance Co. of America* (1937), 181 Okla. 47, 73 P.2d 119.

■ Where a vendee believes that the value is wholly inadequate, it is he who must bring the matter before the court. The court has the authority and the duty to consider whatever evidence is presented and do equity. "Mere inadequacy of price alone may be sufficient to justify setting the sale aside. To have this effect, however, the disparity between the value of the property sold, and the price paid, must be so great as to shock the sense of justice and right." *Branch v. Foust* (1891), 130 Ind. 538, 543, 30 N.E. 631, 633.

We think that the larger scheme of mortgage foreclosure law suggests that requiring each mortgagee to provide independent proof of market value as a condition to obtaining a deficiency judgment engrafts a provision which misplaces the burden of proof. A debtor usually enjoys certain exemptions from sale on execution or any other process from a court and can demand that his property be appraised in order to determine what property is exempt under the so-called "valuation and appraisement laws." Ind.Code § 34–2–28–1 *et seq.* Actions in the nature of mortgage foreclosures are exceptions to this rule. The debtor cannot demand that his property be valued because there is no exemption. Ind. Code § 32–8–16–5.

The statutory protections of the mortgage foreclosure law, which this Court has found should be extended to contract buyers, are generally adequate to produce just outcomes. Where they do not, the burden falls upon the defaulter to show the court the inequity. He may do so through the court which issued process or in an independent action. *Smith v. Federal Land Bank of Louisville* (1985), Ind.App., 472 N.E.2d 1298.

In the case at bar, the Arnolds attacked the action of the trial court by asserting that an order which provides for a deficiency judgment after a sheriff's sale was contrary to law. They also argued that the entry of a deficiency violated principles of equity but did not present any evidence that the sale was in any way defective or that the sheriff sold the property at a wholly insufficient price. The trial court, in denying the Arnolds' motion to correct errors, declined to set aside its deficiency judgment. Because the trial court denied the motion without any explanation, we are unable to determine whether this denial was the result of a conclusion that Hall had presented all the evidence necessary to support entry of the deficiency or whether the trial court had considered the Arnolds' equitable arguments and rejected them, or both. Our decision today is based only on the first of these; that is, we decide that Hall had presented all that was needed to support a deficiency judgment.

Accordingly, the petition to transfer is granted. The judgment of the trial court is affirmed. The cause is remanded to the trial court for such further proceedings as it may deem appropriate, consistent with this opinion.

GIVAN, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, J., dissenting.

If, as the majority has concluded, the value of property rights sold on foreclosure and the identity of bidders at the foreclosure sale are important equitable considerations in the judicial process of setting the proper amount of a money deficiency judgment, then, and in that event, it appears to me that it is fair and just and more administratively sound, to require the party seeking the deficiency judgment to provide the court with the facts material to those considerations. It is after all the general rule in both law and equity that a party seeking relief in court must bear the burden of establishing both a right to the relief and the proper parameters of that relief. I.L.E. Damages, § 185. A court, ignorant of the value of property at the time of the foreclosure sale and ignorant of the identity of bidders, cannot fairly assess either element of the claim for a deficiency judgment.

Practical considerations support the application of the general rule here. The party seeking the deficiency judgment commonly attends the foreclosure sale and commonly is prepared to bid, and is often the successful bidder. Consequently that party is ordinarily well-informed about the value of the property and the number and character of the bidders. On the other hand, the defaulting purchaser seldom attends, and is not a viable bidder. Few have the economic means to defend the deficiency claim. Given this background, and the equitable quality of the deficiency claim, and the need and transcendent duty of courts to render fair judgments irrespective of the lack of participation by parties defendant, it would be within the scope of our judicial authority, and most appropriate, to place the burden upon the party claiming a deficiency judgment to prove that the successful bid approximated the value of the property sold.