James NEWHOUSE and Carol New-
house, Plaintiffs–Appellants,

v.

The FARMERS NATIONAL BANK OF
SHELBYVILLE, Defendant–Appellee.

No. 30A01–8804–CV–103.

Court of Appeals of Indiana,
First District.

Jan. 5, 1989.

Patrick C. Badell, Badell & Wilson, P.C.,
Rushville, for plaintiffs-appellants.

C. Jack Clarkson, Clarkson Law Offices,
Rushville, for defendant-appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

James and Carol Newhouse appeal from
the Hancock Superior Court's grant of
summary judgment in favor of the Farm-
ers National Bank of Shelbyville. We re-
verse.

## FACTS

The facts as viewed most favorably to
James and Carol Newhouse, the non-mov-
ants, reveal that the Farmers National
Bank of Shelbyville (hereinafter Bank) ob-
tained a foreclosure judgment against Gary
and Carole Miller on certain real estate

located in Rush County. Pursuant to the foreclosure decree, the Bank's attorney, John Murphy, prepared a notice of foreclosure sale of the property. The notice provided that the sale would be held at the Rush County Sheriff's office on March 5, 1987, between the hours of 10:00 a.m. and 1:00 p.m. Murphy hand-delivered the notice of sale to the Rushville Republican, a local newspaper, which published the notice on January 23, 30, and February 6 of 1987.

On March 5, 1987, the Newhouses were present at the Rush County Sheriff's office between the hours published for the sale, and placed a bid of Three Thousand Dollars ($3,000). At 1:00 p.m. the sheriff accepted the Newhouses' bid as the highest and only bid, sold the property to the Newhouses, and ended the sale. At approximately 1:35 p.m. Murphy arrived at the sheriff's office and attempted to tender the Bank's bid of Thirty–Four Thousand Two Hundred Dollars ($34,200) on the property. The sheriff refused the bid and stated that the property had been sold to the Newhouses. Murphy then attempted to persuade the Newhouses to sell their interest in the property. The Newhouses refused. Murphy promised that the Bank would challenge the sale.

On March 6, 1987, a Sheriff's Deed was executed and delivered to the Newhouses. The deed was recorded at 3:00 p.m. the same day. After the Newhouses received title to the property, they received a copy of the Bank's Verified Motion to Set Aside the Sheriff's Sale which was filed on March 6, 1987, and received by the sheriff on March 9, 1987. The motion cited mistake on the part of Murphy, who believed that the time of the sale was between 10:00 a.m. and 3:00 p.m. as was the practice in Shelby County. The motion also stated that the price was inadequate and requested that the trial court set aside the sheriff's sale.

In April of 1987, the Bank filed a Motion for Summary Judgment accompanied by an affidavit. The affidavit indicated that Murphy had been at a cook-out with friends in Rush County prior to 1:00 p.m. on the date of the sale. The affidavit also indicated that Murphy believed that the sale would

be held between the hours of 10:00 a.m. and 4:00 p.m. The Newhouses opposed the Motion for Summary Judgment and requested a change of venue which was granted on July 10, 1987. Venue was changed to the Superior Court of Hancock County on July 23, 1987. On December 11, 1987, the Hancock Superior Court granted the Bank's Motion for Summary Judgment. The Newhouses appeal from this judgment.

## ISSUE

While the Newhouses presented two (2) issues in their brief, we rephrase them into the following issue:

Whether the trial court improperly vacated the sheriff's sale by granting the Bank's Motion for Summary Judgment?

## DISCUSSION AND DECISION

In Indiana a trial court may set aside a sheriff's sale in the exercise of its sound discretion. *Smith v. Federal Land Bank of Louisville* (1985), Ind.App., 472 N.E.2d 1298, 1302. As stated in *Smith*,

"It appears that generally the law allows the trial court to take a common-sense approach in deciding whether or not to vacate a bid. The court takes into consideration all circumstances, such as the inadequacy of the price, the effect of procedural irregularities, inequitable conduct, evidence of mistake or misapprehension, and problems with title."

*Id.* at 1308. As indicated in *Smith*, inadequacy of price is generally only a factor to be considered by the trial court. However, mere inadequacy of price alone may be sufficient to justify, but not compel, setting aside a sale if the disparity between the value of the property sold and the price paid is so great as to "shock the sense of justice and right." *Arnold v. Melvin R. Hall, Inc.* (1986), Ind., 496 N.E.2d 63, 65, (*citing Branch v. Fousts* (1891), 130 Ind. 538, 543, 30 N.E. 631, 633. Generally, a trial court's decision to vacate a sheriff's sale will be reached after an evidentiary hearing and after an evaluation of the weight and credibility of the evidence. When a decision is reached under these circumstances we will not reverse absent

an abuse of discretion. *Id.* at 1302. However, where a trial court vacates a sheriff's sale via summary judgment our standard of review is altered drastically.

On appeal from the grant or denial of summary judgment we use the same standard in ascertaining the propriety of summary judgment as did the trial court. *Jones v. Marengo State Bank* (1988), Ind. App., 526 N.E.2d 709, 714; *Hostetler v. State Farm Fire and Casualty Co.* (1988), Ind.App., 521 N.E.2d 1357, 1359 (transfer pending). Summary judgment is appropriate only when the record establishes that no genuine issue of material fact exists and the proponent is entitled to summary judgment as a matter of law. Indiana Rules of Procedure, Trial Rule 56(C). The movant bears the burden of establishing the propriety of summary judgment, and all facts and inferences to be drawn therefrom are viewed in a light most favorable to the non-movant. *Jones,* at 714; *Koske v. Townsend Engineering Co.* (1988), Ind. App., 526 N.E.2d 985, 992 (transfer pending). Summary judgment should be granted guardedly and should not be used as an abbreviated trial. *Hostetler,* at 1359; *Haase v. Brousseau* (1987), Ind.App., 514 N.E.2d 1291, 1292. Thus, even when the facts are not in dispute, if conflicting inferences could be drawn from those facts, summary judgment is inappropriate. *Koske,* at 992; *Rozek v. American Family Mutual Insurance Co.* (1987), Ind.App., 512 N.E.2d 232, 234; *Hollowell v. Midwest Smorgasboard, Inc.* (1985), Ind.App., 486 N.E.2d 16, 18, *trans. denied.* The trial court's belief as to whether the non-movant will be successful at trial is not a ground for granting summary judgment. *Hostetler,* at 1359–60; *Jones v. Berlove* (1986), Ind.App., 490 N.E.2d 393, 395. Also, even when the facts and inferences are not in issue, if those facts do not mandate a judgment in favor of the movant but only permit such a result, then summary judgment is inappropriate. *Poret v. Martin* (1982), Ind., 434 N.E.2d 885, 890.

The trial court improperly granted summary judgment in the present case for two reasons. First, the trial court mistakenly found that no genuine issue of material fact exists. The trial court properly found that no genuine issue exists as to the fact that the scheduled time of the sheriff's sale differed from the scheduled times in Murphy's home county, or as to the fact that Murphy did not tender a timely bid. However, other evidence and the inferences to be drawn therefrom does conflict as to the reason Murphy was late. The evidence indicates that Murphy gave several reasons for being late, including: (1) the difference in the scheduled sale time and the practice in his home county, (2) his personal problems involving a sick relative, and (3) his attendance at a cook-out. This evidence could raise an inference of mistake. However, the evidence indicates also that Murphy not only prepared and delivered the notice of the sheriff's sale but also that the notice was published. Thus, the evidence also could raise an inference of negligence. While a common sense approach to the question of whether to set aside a sheriff's sale might provide relief for mistake, the equities of a case involving negligence should not provide relief. *Smith,* at 1303. Therefore, since a genuine issue exists as to the inferences to be drawn from the evidence, summary judgment was inappropriate.

Summary judgment was also inappropriate because the evidence, even when viewed in a light most favorable to the movant, does not compel that the trial court vacate the sheriff's sale. When a matter of law is subject to the discretion of the trial court a motion for summary judgment "must be denied if the pleadings and other relevant items on file reflect a claim of circumstances which, if found by the court to be true, would permit, not compel," such discretionary action. *Poret,* at 890. In the present case, the evidence of the inadequate price and mistake would permit, not compel, the vacation of the sheriff's sale. Therefore, the trial court improperly granted summary judgment.

REVERSED.

ROBERTSON and SULLIVAN, JJ., concur.