**TITAN LOAN INVESTMENT FUND, L.P., Appellant–Plaintiff,**

v.

**MARION HOTEL PARTNERS, LLC,** Dimple Patel, Preety Patel, Pankaj Dullabh, Sushma Dullabh, Bhupendra Patel, Hansakumari Patel, Kaushik Patel, Sonia Patel, Mahesh Morar, Bharti Morar, Subhas Patel and Sima Patel, Appellees–Defendants.

No. 27A05–0802–CV–80.

Court of Appeals of Indiana.

July 25, 2008.

violation but did not personally give the citation to Herbert.

H. Joseph Certain, Martin A. Harker, Kiley, Harker & Certain, Marion, IN, Attorneys for Appellant.

Jerome T. Holderead, Spitzer Herriman Stephenson, Holderead Musser & Conner, LLP, Marion, IN, Jane Derse Quasarano, Bodman LLP, Detroit, MI, Attorneys for Appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Titan Loan Investment Fund, L.P. ("Titan") appeals from the trial court's order granting the motion of Marion Hotel Properties, L.L.C. ("Marion")[1] to dismiss Titan's motion in proceedings supplemental with prejudice. Titan recovered a money judgment and decree of foreclosure against Marion. The real estate was sold at a sheriff's sale at which Titan bid the full amount of its judgment, and Titan was issued a sheriff's deed. Titan contends that its bid did not represent the fair market value of the property and that it is entitled to recover on a deficiency. We

conclude that the judgment was fully paid and satisfied by Titan's bid at the sheriff's sale and, therefore, hold that the trial court did not err when it granted Marion's motion to dismiss proceedings supplemental.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On November 9, 2006, the trial court entered summary judgment in favor of Titan on Titan's foreclosure action[2] against Marion in the amount of $3,084,758.49. On January 23, 2007, a sheriff's sale was held, and Titan was the sole bidder. The Sheriff's Return shows that Titan bid and paid the sum of $3,085,362.49 for the real estate. Titan also filed a report with the trial court entitled "Bid of Plaintiff" which stated that its bid "includes the amount of its judgment, interest, cost, advances and fees *required to satisfy the judgments of Plaintiff.*" Appellees' App. at 562 (emphasis added). Nevertheless, Titan filed a motion for proceedings supplemental alleging, in relevant part:

1. That *the Plaintiff owns a judgment* obtained in this Court against the Judgment Defendants on the 7th day of February 2006, in the sum of $2,992,378.48, plus costs of $107.00, plus interest hereto at the rate of 8% per annum. Defendants have made no payments.

2. That [Titan] has no cause to believe that execution against [Marion] will satisfy the judgment;

3. That [Titan] believes that [Marion has] wages, assets, income, profits, or other non-exempt property that

---

1. For ease of discussion, we will not list the individual members of the L.L.C., who are guarantors of the Titan debt.

2. Fidelity Federal Savings Bank filed the original complaint but subsequently assigned its interest in Marion's debt to Titan.

can be applied to the satisfaction of said judgment;

4. That [Marion has] assets, income, profits, or other non-exempt property due to become [sic] from Garnishee Defendants, which together with all other property of [Marion] exceeds the amount exempt from execution.

Appellant's App. at 485 (emphasis added).

On October 12, 2007, Marion filed a motion to dismiss the proceedings supplemental. Following a hearing, the trial court granted that motion. This appeal ensued.

## DISCUSSION AND DECISION

Titan appeals from a negative judgment. We are presented here with a question of law, namely, whether the judgment in this case was satisfied by Titan's bid of the full amount of its judgment, interest, and costs at the sheriff's sale ("full credit bid"). As such, our standard of review is de novo. *Tippecanoe County v. Ind. Mfrs. Ass'n,* 784 N.E.2d 463, 465 (Ind.2003).

On appeal, Titan contends that it was denied "full satisfaction" of its judgment against Marion. Brief of Appellant at 5. Titan maintains that its full credit bid was not conclusive, that its judgment remains unsatisfied, and that there is a deficiency which warrants proceedings supplemental. And Titan asserts that the trial court's order granting Marion's motion to dismiss is contrary to law because it "precludes" Titan from challenging whether its bid at the sheriff's sale is "representative of the fair market value of the property." Brief of Appellant at 11.

In support of its contentions, Titan relies on our Supreme Court's opinion in *Arnold v. Melvin R. Hall, Inc.,* 496 N.E.2d 63 (Ind.1986). In *Arnold,* a contract seller foreclosed on his contract, bought the property "at a foreclosure sale for *less*

*than* the full amount still due on the contract," and sought to recover a deficiency judgment. *Id.* at 64 (emphasis added). Titan characterizes *Arnold* broadly to mean that:

(1) a foreclosure sale presumptively represents the value of the property, but that presumption is subject to challenge; (2) it is the market value of the property, not always the amount bid at a foreclosure sale, that determines whether a deficiency exists; and, (3) equity prevents unjust enrichment where a party challenging the presumption can show the true market value of the property is substantially different from the presumptive value reflected in the amount of the judgment bid at the foreclosure sale.

Brief of Appellant at 9. But here, Titan bid the full amount of its judgment against Marion. As such, *Arnold* is readily distinguishable from this case and is inapposite.

As a general rule, it has long been recognized that the payment of a bid at a sheriff's sale sufficient to satisfy the judgment extinguishes the judgment. *See Boos v. Morgan,* 130 Ind. 305, 30 N.E. 141 (1892). This is true even where, as here, the judgment creditor "was the purchaser at his own sale." *See id.* at 143. Where the judgment creditor bids the judgment instead of cash, such a credit bid is "as effective as payment in actual money would have been, . . . inasmuch as there is no reason for going through the empty form and idle ceremony of handing the money over . . . and then receiving it back. . . ." *Id.* In sum, where a judgment creditor has paid "the full amount of the judgment, interest, and costs" at a sheriff's sale there is "a complete satisfaction of the judgment." *Griffin v. Durfee,* 29 Ind.App. 211, 213–15, 64 N.E. 237, 238–39 (1902).

The resolution of this case turns on the operation and effect of a "full credit

bid." The full credit bid rule precludes a lender, for purposes of collecting its debt, from making a full credit bid and subsequently claiming that the property was actually worth less than the bid. *See Alliance Mtg. Co. v. Rothwell*, 10 Cal.4th 1226, 44 Cal.Rptr.2d 352, 900 P.2d 601, 608 (1995). The rule applies here because Titan bid and paid the full amount of its judgment, interest, and costs at the sheriff's sale. Thus, we hold that the judgment was fully paid and satisfied and that Titan may not pursue a deficiency.

Titan contends, in effect, that it paid too much for the real estate. But, as Marion points out, Titan was not required to bid the full amount of its judgment at the sheriff's sale. Titan cannot have it both ways. *See Boos*, 30 N.E. at 143 (holding judgment creditor who purchases at sheriff's sale "[cannot] occupy inconsistent positions at [its] own volition"). Titan cannot bid and pay its entire judgment, interest, and costs at a sheriff's sale and then repudiate its bid in subsequent proceedings any more than a disinterested third party could have bid the same amount in cash and subsequently asked for a refund. *See, e.g., State ex rel. Goldsmith v. Superior Court of Hancock County*, 270 Ind. 487, 386 N.E.2d 942, 946 (1979) (holding "a party who attempts to assume successive positions in the course of a lawsuit or series of lawsuits which are inconsistent with each other or mutually contradictory will be estopped to deny his initial position").

■ It is a condition precedent to proceedings supplemental that a valid judgment remains unsatisfied. Indeed, Indiana Trial Rule 69(E) requires that a judgment creditor who seeks to recover from a judgment debtor in proceedings supplemental allege by verified motion "that the plaintiff owns the described judgment against the defendant[.]" If, however, the judgment has been satisfied, then the judgment debt has been discharged, the plaintiff does not own a judgment against the defendant, and the motion in proceedings supplemental is insufficient as a matter of law.

Titan initiated the motion in proceedings supplemental alleging, as required by Trial Rule 69(E), that it owned a judgment against Marion. Marion contested that issue. Before Titan could recover on an alleged deficiency, it was Titan's burden to show that its judgment had not been fully paid and satisfied, and that it still owned a judgment against Marion. But Titan could not make that showing because its full credit bid at the sheriff's sale was conclusive. The record here affirmatively shows satisfaction of the judgment. *See Boos*, 30 N.E. at 143. Thus, Titan did not meet its burden of proof, and the trial court did not err when it granted Marion's motion to dismiss.

Affirmed.

DARDEN, J., and BROWN, J., concur.