(104 So. 762)

## MORGAN COUNTY NAT. BANK v. TERRY et al. (8 Div. 763.)

(Supreme Court of Alabama. June 11, 1925.)

Mortgages ⬅114—Language of mortgage held not to evidence intention to secure, in addition to indebtedness therein specified, indebtedness also evidenced by previous mortgage; "may be."

Language of last mortgage that it was given as additional security to a previous mortgage, each mortgage providing that it should be security also for all indebtedness and demands which "may be" a proper charge against mortgagor before payment of the note secured, held not to evidence intent that indebtedness for which first mortgage was given was also secured by later mortgage, but to evidence merely absence of waiver of security of first mortgage; the phrase "may be," as used in each mortgage, to be construed as having reference to the future.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, May be.]

Appeal from Circuit Court, Morgan County; James E. Horton, Jr., Judge.

Bill in equity to foreclose mortgages by the Morgan County National Bank against Leander W. Terry and others. From a decree sustaining demurrer to the bill, complainant appeals. Affirmed.

Tennis Tidwell, of Albany, for appellant.

The provision in the mortgage of January 29, 1922, made it a legal mortgage as to the indebtedness due under the 1921 mortgage, and authorized foreclosure for the indebtedness under both said mortgages. Sheats v. Scott, 133 Ala. 642, 32 So. 573; 1 Jones on Mortgages (7th Ed.) § 363; 5 Thompson, Real Prop. § 4585; McWhorter v. Tyson, 203 Ala. 509, 83 So. 330; 27 Cyc. 1074; Edwards v. Dwight, 68 Ala. 385; Choteau v. Thompson, 2 Ohio St. 114; Winston v. Farrow (Ala. Sup.) 40 So. 53; Collier v. White, 97 Ala. 596, 12 So. 385; 27 Cyc. 1059; 19 R. C. L. 301; Ala. Mills Co. v. Mobile Docks Co., 200 Ala. 126, 75 So. 574; Vizard v. Robinson, 181 Ala. 349, 61 So. 959; Vandegrift v. Shortridge, 181 Ala. 275, 61 So. 897; Jacobs v. Roach, 61 Ala. 201, 49 So. 576; McCombs v. Stephenson, 154 Ala. 109, 44 So. 867; Turk v. Turk, 18 Ala. App. 48, 88 So. 457. The words "may be" refer to existing indebtedness. In re Bresler's Estate, 155 Mich. 567, 119 N. W. 1104.

A. J. Harris, of Decatur, for appellees.

Any doubt or uncertainty should operate against the mortgagee. Bowen v. Ratcliff, 140 Ind. 393, 39 N. E. 860, 49 Am. St. Rep. 206; Kline v. McGuckin, 25 N. J. Eq. 433; 1 Jones on Mort. 378. "May be" refer to demands on future creation. South Carolina v.

Gaillard, 101 U. S. 438, 25 L. Ed. 937. Presumption that the correct revenue tax is paid on the mortgage is a proper consideration in determining the intention of the parties. Lashbrooks v. Hatheway, 52 Mich. 124, 17 N. W. 723. Where another creditor is interested, the language in the mortgage must be such as not to mislead or deceive. Bowen v. Ratcliff, supra; Stoughton v. Pasco, 5 Conn. 442, 13 Am. Dec. 72; Pettibone v. Griswold, 4 Conn. 158, 10 Am. Dec. 106.

GARDNER, J. This appeal by appellant is from the decree sustaining demurrers of appellees to the bill as amended. The bill was filed for the purpose of foreclosing certain real estate mortgages executed by respondent Leander W. Terry and wife to the complainant bank. D. S. Echols was made party respondent also; he being a junior mortgagee.

One of the mortgages here sought to be foreclosed bears date January 27, 1922. This mortgage was given to secure the specific sum of $454.13, evidenced by note bearing even date therewith, due December 15, 1922, and contains the following recital as to indebtedness secured:

"And for the purpose of securing the payment of the above described note, and any and all other indebtedness and demands which may be a proper charge against me and in favor of said bank, at any time before the payment of the note, I do hereby grant, bargain, sell and convey unto the said bank * * * the following property."

The bank also held a mortgage on the same realty executed in March, 1918, and one dated May 6, 1921, on personalty only. Upon the mortgage of January 27, 1922, there only remains due the sum of $180.03, and upon that of May 6, 1921, there is yet due $1,092.64. The mortgagor has been adjudicated a bankrupt, and the personal property in the said mortgage of May 6th has been exhausted.

The bill seeks in the foreclosure of the mortgage of January 27, 1922, to have the court decree that the indebtedness secured thereby is not only the balance due of $180.03 of the specific debt therein named, but, also, that the indebtedness evidenced and secured by the mortgage of May 6, 1921, was a part of the indebtedness also secured by the said mortgage of January 27th. It is this feature of the bill the demurrer to which was sustained.

The question is one of intention of the parties to be gathered from the language of the mortgage; no extraneous collateral facts being alleged. Reference to the mortgage of May 6th is found in the following language of the mortgage here in question:

"This mortgage subject to the first mortgage to Morgan County National Bank executed March 15, 1918, and is given as additional se-

curity to mortgages to the Morgan County National Bank executed January 17, 1920, and May 6, 1921."

The language of the mortgage of May 6, 1921, discloses an intention that it should be security, not only for the indebtedness therein specified, but for all future indebtedness created before the payment of the note therein designated, and, as above shown, the mortgage of January 27th contained like language. Therefore, for all indebtedness created subsequent to the last mortgage, the bank had double security; the mortgage of May 6th securing all indebtedness thereafter created, and that of January 27th securing the indebtedness created at the time and after its execution.

We are of the opinion that the language of the mortgage of January 27th, to the effect that it was given as additional security to the mortgage of May 6th, does not evidence an intention that the indebtedness for which the mortgage of May 6th was given was also secured by that of January 27th, but was only intending as indicating no waiver of the security of May 6th, in view of the fact that one debt was secured by the two instruments. We do not think, therefore, that the reference in the mortgage that it was given "as additional security" to that of May 6th suffices to show an intention that the prior indebtedness of May 6th is also a part of the indebtedness secured by the mortgage of January 27th.

This latter mortgage also recites that it is given "for the purpose of securing the payment of the above described note and any and all indebtedness and demands which may be a proper charge against me * * * at any time before the payment of this note." The defeasance clause and that in the power of sale use like language referring to the note and indebtedness, and "all other indebtedness, and demands which may be a proper charge before the payment of the note." In the connection here used we entertain the view that the words "may be" in these clauses should be construed as having reference to the future. They were so construed in the connection there used in the case of South Carolina v. Gaillard, 101 U. S. 438, 25 L. Ed. 937.

If the parties had intended, as insisted by appellant, it would have been very easy to have so stated. The indorsement of the probate judge on the mortgage shows that the revenue tax paid thereon was considerably less than it would have been had the indebtedness secured been as now insisted, and it has been held that this fact is to be given some weight. Lashbrooks v. Hatheway, 52 Mich. 124, 17 N. W. 723.

Respondent Echols took his mortgage subject to those of complainant, and is, of course, vitally interested. Where other creditors are involved, it has been held that the language of the mortgage should be "such as not to mislead or deceive as to the nature or amount." Bowen v. Ratcliff, 140 Ind. 393, 39 N. E. 860, 49 Am. St. Rep. 203.

We have reached the conclusion that the language used in the mortgage of January 27th should not be construed as evidencing an intention to secure, in addition to the indebtedness therein specified, the indebtedness also evidenced by the mortgages of May 6th, and that the learned chancellor correctly ruled in sustaining the demurrer to this feature of the bill.

The decree will be accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.