(125 So. 615)

## MONROE COUNTY BANK v. QUALLS et ux.
### (1 Div. 574.)

Supreme Court of Alabama.  Dec. 19, 1929.

Rehearing Denied Jan. 25, 1930.

Barnett, Bugg, Lee & Jones, of Monroeville, for appellant.

J. D. Ratcliffe, of Monroeville, for appellees.

SAYRE, J. Appellant's bill to foreclose a mortgage executed by appellees Qualls and wife. Demurrer to the bill was sustained, and the bank appeals.

The mortgage, set out as an exhibit to the bill, was executed, February 23, 1926, by appellees to secure payment of an indebtedness of $543 evidenced by, promissory note of even date. One provision of the mortgage was that it should "stand as security for the principal debt as above set out, and for any other debt due or advances received by the party of the first part [Qualls] from the party of the second part [the bank]. And any payment made by the party of the first part shall be first applied to paying the indebtedness other than that described in the note above described." And the purpose and prayer of the bill is to foreclose the mortgage in order to collect a note for $605, executed also on February 23, 1926, but after the execution of the note for $543. The note for $605 was executed by Tony Frye, W. W. Frye, Alex Frye, and A. J. Qualls, signing in the order named. On the note last described—the note for $605 —a credit of $140 is acknowledged. Nothing is alleged as to payments vel non on the note for $543.

The chancellor correctly ruled when he sustained the demurrer to the bill on the theory that the mortgage did not secure the indebtedness on account of the nonpayment of which the bill was filed. Appellant in its dealing with the two items of indebtedness and with the mortgage itself appears to have taken the same view. This we say for the reason that appellant when filing its mortgage for record, March 1, 1926, paid only the privilege or revenue tax due by law upon the amount specified on the face of the paper—a fact to be noted, as this court held in Morgan County Bank v. Terry, 213 Ala. 313, 104 So. 762. Moreover, it may be presumed evidentially, but not conclusively, that the note specifically mentioned in the mortgage has been paid—this for the reason that the present proceeding by the mortgagee, if successful, would exhaust the mortgage security; but, if that debt has been paid, then appellant has failed to observe that stipulation of the mortgage in these words: "And any payment made by the party of the first part [appellee Qualls] shall be first applied to paying the indebtedness other than that described in the note above described [in the mortgage]." This may have been a stipulation in favor of the mortgagee; but no waiver is averred or presumed. But, aside from the circumstances heretofore mentioned—in any event hardly more than make weights, it may be conceded —we note the language of the mortgage quoted above: "That this mortgage shall stand as security for the principal debt as above set out [the indebtedness of $543.00], and for any other debt due or advances received by the party of the first part from the party of the second part." The most natural interpretation is that the reference was to any debt due or advances received on or before the execution of the mortgage. The debt for which appellant seeks to foreclose—the debt to appellant—was incurred after the execution of the mortgage. Moreover, "a mortgage providing that it shall secure in addition to the debt mentioned all other amounts which may thereafter become due will cover only debts of the general kind of those specifically secured."— 11 C. J. 496. It has been held—and properly so, we think—that there should be an unequivocal agreement that the security shall so operate. We have quoted the language of the mortgage. The nature and due date of the note for $543, and the mortgage securing it are not averred save in the equivocal language of the mortgage already quoted. It was secured by a mortgage of land in which the wife of the mortgagor joins. The amended bill avers that the note for $605 "was negotiated by the said A. J. Qualls for himself and the other parties named." They executed the same in the order heretofore stated. The consideration may have moved to the three Fryes and Qualls as principal obligors, or it may have moved to the Fryes as principal obligors and to Qualls as surety only—to state one possibility of the situation disclosed by the averments of the bill. Mrs. Qualls does not sign, though, according to the bill, "complainant was induced in part to make said loan"—the $605 loan—"to the said A. J. Qualls and others by the fact that he and his wife had executed to complainant the mortgage referred to"—the mortgage for $543. As said in Morgan County Nat. Bank v. Terry, 213 Ala. 313, 104 So. 762, the question is one of the intention of the parties to the first transaction. There is no averment of mistake or fraud (Wilkerson v. Tillman, 66 Ala. 532), and the burden was on complainant to show by averments as to the two transactions that the obligors in the first unequivocally agreed to become sureties for the obligation imported by the second. Construing the pleading against the pleader, the bill failed to do this, and the decree sustaining the demurrer was well advised.

Affirmed.

ANDERSON. C. J., and THOMAS and BROWN, JJ., concur.