John V. LOUDERMILK and Geneva P. Loudermilk, Defendants-Appellants,

v.

CITIZENS BANK OF MOORESVILLE, Indiana, Plaintiff-Appellee.

No. 55A01-8603-CV-57.

Court of Appeals of Indiana, First District.

March 19, 1987.

---

Stephen M. Gentry, Indianapolis, for defendants-appellants.

Phillip R. Smith, Wehrle & Smith, Martinsville, for plaintiff-appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

John and Geneva Loudermilk appeal the trial court's order foreclosing a mortgage. We reverse.

## FACTS

Robert and Nancy Heath owned real estate known as Summer Place. They placed upon the real estate two mortgages. The first mortgage was executed on June 27, 1978. The Heaths subsequently defaulted, resulting in a judgment of foreclosure on March 5, 1984, in favor of Citizens Bank against all defendants holding any interest in the real estate. The parties do not dispute this foreclosure.

The second mortgage was entered into on October 18, 1978, between the Heaths and Citizens Bank. This was an "indemnifying mortgage" to secure all future advances to the Heaths. This mortgage was recorded. Contemporaneous with the execution of the second mortgage was the bank's advance of $25,000. Thereafter, there were a series of renewals of the obligation through June 29, 1981. On this date, the principal amount owed was $50,-000. Another advancement was made on May 1, 1979, in the amount of $25,000. Like the advance made on October 18, 1978, there were a series of renewals on the second advance through June 29, 1981. At that time, the principal amount owed on the series was $24,000. Therefore, the total, principal amount due under the indemnifying mortgage as of June 29, 1981, was $74,000.

On December 15, 1980, the Heaths conveyed a half interest in Summer Place to the Loudermilks. On May 18, 1981, the Heaths conveyed the remaining half interest to the Loudermilks. The warranty deed specifically was made subject to the first mortgage and the second, indemnifying mortgage. At the time of the final conveyance, the balance under the indemnifying mortgage was $74,000. This latter conveyance to Loudermilks was over one month prior to the last two renewal notes signed on June 29, 1981.

The previous renewal notes on the indemnifying mortgage apparently were signed by both Robert and Nancy Heath. However, the last two renewals which were made on June 29, 1981, contained only Robert's signature.

After default, the trial court ordered foreclosure of the indemnifying mortgage on December 18, 1984, after a bench trial. The Loudermilks subsequently perfected this appeal.

## ISSUE

Although the appellants present a number of issues for review, the following is dispositive:

Whether under the terms of the mortgage in question a renewal on an amount owed under an indemnifying mortgage is secured by the mortgage when only one of the two mortgagors signed the renewal.

## DISCUSSION AND DECISION

The Loudermilks contend that Robert Heath's signature on the two June 29, 1981, renewals without his wife's signature resulted in a debt which was valid but unsecured by the indemnifying mortgage. The Loudermilks therefore argue that foreclosure was improper. The bank contends that the terms of the mortgage were broad enough to secure renewals signed by either Robert or his wife.

Our court has addressed a similar issue. In *Merchants National Bank and Trust Co. v. H.L.C. Enterprises, Inc.* (1982), Ind. App., 441 N.E.2d 509, a husband and wife executed a mortgage on their home which included future advances. The mortgage contained a clause stating, "This Mortgage shall also secure the payment of any other liabilities, joint, *several*, direct, indirect, or otherwise, of Mortgagors to the holder of this Mortgage." (Emphasis added). Thereafter, the husband alone signed three promissory notes. Upon default, the bank attempted to foreclose the mortgage. We held the mortgage's "dragnet clause" was sufficiently broad to include the notes signed only by the husband. *Id.* at 513–14.

In *H.L.C.* we cited with approval an instructive Michigan case. In *Holiday Inns, Inc. v. Sucher-Schaefer Investment Co.* (1977), 77 Mich.App. 658, 259 N.W.2d 179, two co-mortgagors signed a mortgage which secured future advances "between the Mortgagor and the Mortgagee". Subsequently, future advances were made on the signature of only one of the mortgagors. The court held that the only debts secured by the mortgage were those signed by both mortgagors. *Id.* at 665, 259 N.W.2d at 182. The court bolstered its conclusion with the following:

> "We find considerable support in other jurisdictions for this view. Where there are three co-mortgagors and the dragnet clause refers to these mortgagors as 'party of the first part' and 'grantor' and covers the indebtedness of the 'grantor', notes subsequently signed by only one of the co-mortgagors are not secured by the mortgage. *Americus Finance Co. v. Wilson*, 189 Ga. 635, 7 S.E.2d 259 (1940).

> The same rule applies where the co-mortgagors are husband and wife and one of them subsequently executes a note. *Monroe County Bank v. Qualls*, 220 Ala. 499, 125 So. 615 (1929); *First Bank and Trust Co. v. Welch*, 219 Iowa 318, 258 N.W. 96 (1934); *Cordele Banking Co. v. Powers*, 217 Ga. 616, 124 S.E.2d 275 (1962); *United States v. American National Bank of Jacksonville*, 255 F.2d 504 (CA 5, 1958).

> "We would distinguish these cases from those dealing with dragnet clauses which refer to the debts of the 'mortgagors or either or any of them'. Such language and similar language has been held to cover subsequent notes of one of the co-mortgagors. *Lamoille County Savings Bank and Trust Co. v. Belden*, 90 Vt. 535, 98 A. 1002 (1916); *Walters v. Merchants and Manufacturers Bank*, 218 Miss. 777, 67 So.2d 714 (1953); *Carlson v. Lawrence H. Oppenheim Co.*, 334 Mass. 462, 136 N.E.2d 205 (1956); *Wright v. Lincoln County Bank*, 62 Tenn.App. 560, 465 S.W.2d 877 (1970). See also *First v. Byrne*, 238 Iowa 712, 28 N.W.2d 509 (1947)."

*Id.* at 665–66, 259 N.W.2d at 182. The court went on to note, "The dragnet clause in this mortgage covers debts between mortgagor and mortgagee. The dragnet clause does not say 'the mortgagor or either or any of them.'" *Id.* at 666, 259 N.W.2d at 182. The court interpreted the term "mortgagor" as used in the mortgage to mean both mortgagors, not just one of them. Thus, one co-mortgagor's signature did not secure the debt under the mortgage.

Our supreme court reached a similar result. In *Citizens Bank and Trust Co. v. Gibson* (1986), Ind., 490 N.E.2d 728, a husband and wife executed a mortgage with the following dragnet language:

> "Pearson E. Gibson and Marion M. Gibson, Husband and Wife, ... hereinafter called 'MORTGAGOR' do hereby mortgage and warrant....

> "This Mortgage is executed to secure the due and punctual payment of all indebtedness of mortgagor and borrowers

to Mortgagee whether now existing or hereafter incurred, including all renewals and extensions thereof,...."

*Id.* at 729. Later, the husband alone signed a note secured by the mortgage. After default, the bank sued for foreclosure. The trial court held that the bank could not foreclose the mortgage. Instead, the trial court held the husband personally liable on the note signed only by himself. Our supreme court upheld the trial court's ruling. After citing *H.L.C.* with approval, the court quoted the trial court's decision as follows:

> " 'The court further finds that ... Pearson E. Gibson executed a note payable to the plaintiff [bank] herein which note was executed by the said Pearson E. Gibson individually[.] The court finds that by the terms of the mortgage executed herein, *the said mortgage was to secure the joint obligations of the parties.* The court further finds that the note sued upon ... is an individual obligation of Pearson E. Gibson....' "

*Id.* at 730 (emphasis added). In upholding the trial court, our supreme court opined, "The customary method to include future several debt under a mortgage is to include a phrase such as 'the indebtedness of the mortgagors or either of them.' *See Noble County Bank v. Waterhouse* (1928), 89 Ind.App. 94, 163 N.E. 119." *See also* Annot., 3 A.L.R.4th 690, 726–36 (1981). Thus, the husband's sole signature could not secure the debt under the jointly executed mortgage.

■ Under the sound rationale of the foregoing cases, we hold that Robert Heath could not sign the renewals by himself so that they were secured by the mortgage executed jointly with his wife. The dragnet clause in the mortgage in question provided:

> "It is intended by all the parties hereto that this Mortgage shall constitute a continuing security to any and all future advances, credits, loans, obligations or discounts or assignments of accounts as shall be made to and accrue from the said mortgagors...."

Record at 248. The word "mortgagors" at the end was typed into the printed mortgage form. The dragnet clause did not contain any phrase such as "the mortgagors or either of them". In a prior clause, the mortgage referred to the mortgage as securing payment for debts "by Robert L. Heath *and* Nancy A. Heath." Record at 248 (emphasis added). We cannot read the dragnet clause to mean anything other than securing joint obligations. The dragnet clause's reference to "mortgagors" can only mean both Robert and Nancy; one of them alone is not covered. This is particularly true since dragnet clauses are to be strictly construed against the party drafting the document. *See Citizens Bank*, at 730.

■ The bank alleges that this conclusion is changed by the following clause in the mortgage:

> "It is further agreed by the Mortgagors that *any such accounts, advances or evidences of indebtedness as are contemplated hereunder* may be adduced by the CITIZENS BANK and that the same shall be received as conclusive evidence against all of said parties *collectively or individually*, and their representatives, executors, administrators, and assigns, as the balance, or amount, at any time due and owing hereunder, and that any such indebtedness shall be payable without any relief whatever from valuation or appraisement laws."

Record at 248 (emphasis added). The bank focuses on the words "collectively or individually" to support their contention that Robert's signature was enough. We disagree. That portion of the clause merely states the common law rule that the debtors to a joint obligation are jointly and severally liable. *E.g., Groves v. Stephenson* (1841), Ind., 5 Blackf. 584; *Estate of Leinbach v. Leinbach* (1985), Ind.App., 486 N.E.2d 2, 3. We do not construe that phrase to mean that either of the Heaths' signature would suffice to secure a subsequent debt under the indemnifying mortgage. We feel that the critical phrase in the clause quoted above is "any such accounts, advances or evidences of indebtedness as are contemplated hereunder." The

obligations "contemplated hereunder" are those signed by both Robert and Nancy Heath, the "mortgagors" under the terms of the indemnifying mortgage. Thus, Robert's two renewals signed on June 29, 1981, by only himself were not secured by the mortgage. The two renewals represented the valid, individual obligations of Robert; Nancy was not a party to this debt. Therefore, the trial court's foreclosure of the indemnifying mortgage on the real estate owned by the Loudermilks was contrary to law.

Reversed.

ROBERTSON and HOFFMAN, JJ., concur.