John V. LOUDERMILK and Geneva P. Loudermilk, Appellants (Counterclaimants Below),

v.

CITIZENS NATIONAL BANK OF MOORESVILLE, Indiana, Appellee (Counter-claim Defendant Below).

No. 55A04–8903–CV–107.

Court of Appeals of Indiana, Third District.

Nov. 27, 1989.
Rehearing Denied Jan. 25, 1990.

Stephen M. Gentry, Indianapolis, for appellants.

Christopher E. Baker, Rubin & Levin, Indianapolis, Phillip R. Smith, Wehrle & Smith, Martinsville, for appellee.

HOFFMAN, Judge.

John V. Loudermilk and Geneva P. Loudermilk, defendants-appellants, appeal the trial court's decision granting Citizens National Bank's motion to dismiss.

The facts were explained in detail in a previous appeal, *Loudermilk v. Citizens Bank of Mooresville* (1987), Ind.App., 505 N.E.2d 107, 108:

> "Robert and Nancy Heath owned real estate known as Summer Place. They placed upon the real estate two mortgages. The first mortgage was executed on June 27, 1978. The Heaths subsequently defaulted, resulting in a judgment of foreclosure on March 5, 1984, in favor of Citizens Bank against all defendants holding any interest in the real estate. The parties do not dispute this foreclosure.
>
> The second mortgage was entered into on October 18, 1978, between the Heaths and Citizens Bank. This was an 'indemnifying mortgage' to secure all future advances to the Heaths. This mortgage was recorded. Contemporaneous with the execution of the second mortgage was the bank's advance of $25,000. Thereafter, there were a series of renewals of the obligation through June 29, 1981. On this date, the principal amount owed was $50,000. Another advancement was made on May 1, 1979, in the amount of $25,000. Like the advance made on October 18, 1978, there were a series of renewals on the second advance through June 29, 1981. At that time, the principal amount owed on the series was $24,000. Therefore, the total, principal amount due under the indemnifying mortgage as of June 29, 1981, was $74,000.
>
> On December 15, 1980, the Heaths conveyed a half interest in Summer Place to the Loudermilks. On May 18, 1981, the Heaths conveyed the remaining half interest to the Loudermilks. The warranty deed specifically was made subject to the first mortgage and the second, indemnifying mortgage. At the time of the final conveyance, the balance under the indemnifying mortgage was $74,000. This latter conveyance to Loudermilks was over one month prior to the last two renewal notes signed on June 29, 1981.
>
> The previous renewal notes on the indemnifying mortgage apparently were signed by both Robert and Nancy Heath. However, the last two renewals which were made on June 29, 1981, contained only Robert's signature.
>
> After default, the trial court ordered foreclosure of the indemnifying mortgage on December 18, 1984, after a bench trial."

The Loudermilks did not appeal the trial court's partial summary judgment on March 5, 1984 granting foreclosure on Citizens Bank's first mortgage. The Loudermilks appealed the trial court's December 18, 1984 judgment granting foreclosure of the indemnifying mortgage. The Court of Appeals reversed the trial court's foreclosure of the indemnifying mortgage. *Loudermilk*, 505 N.E.2d at 111.

Before a decision was rendered on the appeal, Citizens Bank purchased the real estate at sheriff's sale by virtue of the trial court's grant of foreclosure of the first mortgage. Citizens Bank bid the outstanding balance of the first mortgage at the sheriff's sale. Parcels of the real estate were thereafter sold by Citizens Bank to third-party purchasers.

The Loudermilks filed a complaint against Citizens Bank claiming that the

judicial sale was invalid due to the reversal of the trial court's judgment of December 18, 1984. The trial court granted Citizens Bank's motion to dismiss.

The following issue is raised on this appeal: whether the trial court committed error by granting Citizens Bank's motion to dismiss.

In reviewing a grant of a motion to dismiss, this Court must decide whether in the light most favorable to the plaintiff and with every intendment regarded in his favor, the complaint is sufficient to constitute any valid claims. *Pruden et al. v. Trabits et al.* (1977), 175 Ind.App. 219, 370 N.E.2d 959. Generally, this Court must determine whether the plaintiff can prove no set of facts in support of his claim which would entitle him to relief and whether the plaintiff has some legal theory to support a justifiable claim entitling him to relief. *Pruden, supra.*

■ The partial summary judgment entered on March 5, 1984, which ordered the foreclosure of the first mortgage, did not contain an order of sale. The December 18, 1984 judgment contained the only order of sale which applied to both mortgages. Since this judgment was reversed, the Loudermilks argue that the foreclosure sale was unauthorized and hence, invalid.

While it is true that the partial summary judgment did not contain an order of sale, the Court of Appeals' reversal of the December 18, 1984 judgment does not render invalid the foreclosure sale of the first mortgage ordered by the partial summary judgment. The issue reviewed by the Court of Appeals in *Loudermilk, supra,* was very specific:

"Whether under the terms of the mortgage in question a renewal on an amount owed under an indemnifying mortgage is secured by the mortgage when only one of the two mortgagors signed the renewal."

505 N.E.2d at 108.

The Court addressed only this issue and reversed the foreclosure of the indemnifying mortgage. The order of sale, as appli-

cable to the partial summary judgment, was not reversed.

Due to Citizens Bank's resale of the property to third-party purchasers, appellants seek equitable relief in the form of monetary damages instead of pursuing their quiet title claim. Appellants ask the court to impose a constructive trust, based upon constructive fraud and/or mistake, to prevent unjust enrichment to Citizens Bank. In the alternative, they argue that a quasi-contract may be found to prevent Citizens Bank's unjust enrichment. Appellants concede that Citizens Bank was entitled to the amount owed under their first mortgage. However, they contend that Citizens Bank pursued the erroneous judgment reversed by the Court of Appeals allowing it to recover an additional profit upon resale of the property to third-party purchasers. Appellants claim Citizens Bank has been unjustly enriched by these additional funds.

There is no evidence to suggest that Citizens Bank pursued the erroneous trial court's judgment ordering foreclosure of the indemnifying mortgage. Citizens Bank foreclosed on their first mortgage. The Loudermilks did not contest the validity of the first mortgage or appeal the partial summary judgment ordering foreclosure. Citizens Bank was entitled to foreclose on their first mortgage by virtue of the partial summary judgment.

At the sheriff's sale, Citizens Bank made a bid of the outstanding balance of their first mortgage and purchased the property. The Loudermilks do not allege that the sheriff's sale was conducted in an improper manner or that Citizens Bank's bid was not adequate.

■ The law presumes that a sheriff's sale provides a decent method by which value can be fixed, though this may not always be true. *Arnold v. Melvin R. Hall, Inc.* (1986), Ind., 496 N.E.2d 63, 65. Although the court in *Arnold, supra,* dealt with a deficiency judgment, the court clearly stated that there is a remedy available for a party not satisfied with the sale price. A party does not have to accept the results of a sale without question. A party can

seek to set the sale aside. *Arnold, supra,* 496 N.E.2d at 65. However, the mere allegation that the price paid for the land at the sale is inadequate will not suffice. *Arnold, supra,* 496 N.E.2d at 65. Moreover, proof that there was but one bidder at the sale will not serve, by itself, to rebut the presumption that the bid represents the value of the property or serve as an adequate basis to invalidate the sale. *Arnold, supra,* 496 N.E.2d at 65.

■ The Loudermilks had the opportunity to contest the sale and did not. They now seek to have Citizens Bank pay to them the funds received after selling the property to third parties following foreclosure of the Loudermilks' interest and sheriff's sale.

Once the bank purchased the property, it acquired all right, title, and interest to the real estate pursuant to IND.CODE § 32–8–16–6 (1988). The Loudermilks no longer held an interest in the real estate. Citizens Bank was within its rights to sell the real estate if it wished, including selling it at a profit.

The Court of Appeals' reversal of the foreclosure on the indemnifying mortgage had no effect on the foreclosure of the first mortgage or the subsequent sheriff's sale. Since there is no evidence that the Bank pursued the erroneous judgment reversed by the Court of Appeals but only pursued foreclosure of their first mortgage, an equitable remedy is not warranted in this case. Appellants have not presented a claim upon which relief can be granted and thus, the trial court correctly granted Citizens Bank's motion to dismiss.

Affirmed.

GARRARD, P.J., and CHEZEM, P.J., concur.